446 So.2d 412 (1984)
SUCCESSION OF Newton Charles DEGELOS, Sr.
No. CA-1131.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1984.
Charles E. Cabibi, New Orleans, for plaintiff-appellant.
Manuel A. Fernandez, Chalmette, for defendants-appellees.
Before GULOTTA, GARRISON and LOBRANO, JJ.
GULOTTA, Judge.
A daughter not mentioned in her father's will, which bequeathed his property to his surviving spouse and the three children of his second marriage, appeals from a judgment dismissing her claim for an undivided ¼ interest in his estate. We affirm.
*413 In his statutory testament, Newton Charles Degelos, Sr. bequeathed his estate as follows:
"I leave and bequeath to my wife, Althea Kramer Degelos, the usufruct of all property which I may die possessed of, both separate and community, for the remainder of her life.
"I leave and bequeath to my children, Noelle Eve Degelos, wife of Lucien Gioe, Newton Charles Degelos, Jr. and Elizabeth Degelos, legally separated wife of Horace Alexander, the remainder of all property of which I may die possessed of."
The will made no disposition to or mention of Inez Marie Degelos Lalanne (hereinafter referred to as Inez), the testator's daughter by his prior marriage.
The petition for possession filed by the surviving spouse Althea, as testamentary executrix, prayed that Inez be recognized as a forced heir of the decedent and entitled to her legitime. Accordingly, the judgment of possession recognized the usufruct in favor of the surviving spouse of all property of the estate for the remainder of her life, and recognized Inez as a forced heir entitled to 3/24ths of her father's estate subject to the usufruct. The remaining three children Noelle, Newton, Jr., and Elizabeth were recognized as heirs and legatees each entitled to 7/24ths of the estate, likewise subject to Althea's usufruct.
Inez thereafter filed a petition to annul the judgment of possession, complaining of an "apparent misinterpretation of the law with respect to the will" and seeking entitlement to ¼th of the estate free of the usufruct, except as to the matrimonial domicile. Her petition was dismissed on an exception of no cause of action.
The thrust of Inez' appeal is that her father's universal bequest to the other three children contains no wording specifying that it is given to them as an "extra portion" over the ¼th allocated by law to each of his issue. She argues that this failure to declare the legacy as an advantage or extra portion causes it to be null and void for the whole and entitles her to obtain "collation" of the testamentary dispositions and an equal division of the entire estate among all four children. In support of her position, Inez relies on LSA-C.C. Arts. 1233 and 1501, which provide as follows:
Art. 1233: "The declaration that the gift or legacy is intended as an advantage or extra portion, may be made in other equivalent terms, provided they indicate, in an unequivocal manner, that such was the will of the donor."
Art. 1501: "The disposable quantum may be given in whole or in part, by an act inter vivos or mortis causa, to one or more of the disposer's children or successible descendants, to the prejudice of his other children or successible descendants, without its being liable to be brought into the succession by the donee or legatee, provided it be expressly declared by the donor that this disposition is intended to be over and above the legitimate portion."
"This declaration may be made, either by the act containing the disposition, or subsequently by an instrument executed before a notary public, in presence of two witnesses."
In Jordan v. Filmore, 167 La. 725, 120 So. 275 (1929), a time honored case, the Supreme Court confronted virtually the same issue now raised by plaintiff. In Jordan, a testatrix named only one of her two heirs as a universal legatee, and made no mention of the other. In a petition to annul the will, the omitted heir prayed that both forced heirs be recognized and the estate divided equally between them. The only question confronting the court was whether the petitioner was entitled to only ¼ of the estate as a forced heir or ½ on the theory that the testatrix did not declare unequivocally her intention to leave the estate to the named heir "as an advantage or extra portion."
In upholding the will and decreeing that the heir could only claim a ¼ of the estate as her legitime, the Supreme Court in Jordan, at page 278, construed LSA-C.C. Art. 1501 as follows:

*414 "There is no indication in article 1501 for there would be no sense in the requirementthat a testator who bequeaths more of the disposable portion of his estate to one of his descendant heirs than to another must express, any more plainly than his favoritism itself expresses, his intention that the legacy bequeathed to the favorite heir is intended as an advantage over the other heir, or an extra portionin order to avoid the obligation of collation, strictly so called. All that the testator has to do in the distribution of his estate among his heirs as he sees fit, to be sure that his will shall be carried out, is to avoid impinging upon the legitime which the law reserves to each of his forced heirs."
The court in Jordan further cited French authorities holding that an exemption from collation need not be expressed in any "sacramental terms", but may necessarily be inferred from the language of a testament granting a universal or residuary legacy.
The holding in Jordan is dispositive of the instant case. The testator's intention to favor the three children of his second marriage over his oldest daughter Inez is expressed in his bequest to the former as universal legatees and his failure to mention Inez. There is no legal requirement that he expressly state or declare the bequests to be an advantage or extra portion. The legacy to three of the children must be reduced only to the extent sufficient to leave Inez her share of the legitime, i.e. ¼ of ½ of the estate that could not be disposed of to the prejudice of the forced heirs.[1]
To uphold Inez' claim for an undivided ¼ interest in the entire estate would effectively ignore the testator's intent and cause the property to pass as if by intestacy. It is well settled that when a testator disposes of his entire estate to the prejudice of a forced heir, such a bequest does not make the will null and void but merely subjects it to an action for reduction by the forced heir for the recovery of his legitime. See LSA-C.C. Art. 1502: Roach v. Roach, 213 La. 746, 35 So.2d 597 (La.1948).
Plaintiff's reliance on Succession of Higgins, 275 So.2d 447 (La.App. 4th Cir. 1973) is misplaced. In Higgins, the decedent left her estate by olographic will to her two sons "share and share alike". One son who predeceased the testatrix left seven children (grandchildren of the testatrix) who opposed the executor's allocation of ¾ of the estate to the surviving son and ¼ to the grandchildren. The Higgins court held that the words "share and share alike" obviously expressed the testatrix' intention not to favor either of her sons to the prejudice of the other. Accordingly, the surviving son was precluded from maintaining that his legacy of ½ of his mother's estate was an "extra portion" not subject to collation.
The factual situation in Higgins, supra, is entirely different from that in Jordan v. Filmore, supra, and the instant case where the decedent expressed an intention to afford some of the heirs an extra advantage by naming them in the testament as universal legatees and omitting the other heir.
Accordingly, we find no error in the judgment dismissing plaintiff's suit. The trial judge properly recognized plaintiff as a forced heir entitled to a 3/24ths interest in the estate, subject to the usufruct in favor of the surviving spouse.
AFFIRMED.
NOTES
[1] Because the decedent left four children, one half of his estate constitutes the disposable portion that can be bequeathed to the three children of the second marriage to the prejudice of Inez. LSA-C.C. Art. 1493. Her legitime is ¼ of the remaining ½, i.e., 1/8 or 3/24ths of the entire estate. The other three children are entitled to 7/24ths each of the estate, all subject to the usufruct for life in favor of the surviving spouse.