12FOIL, Judge.
This is an appeal from a judgment of the Nineteenth Judicial District Court granting a motion for partial summary judgment in favor of appellee, the Succession of Marilyn Lee Odum Titus Haubert, and against appellants, the Executor of the Succession of Earnest Stanley Odum; the Trustees of the Earnest Stanley Odum Trust; and Deborah Sue Odum, Kathy Jane Odum, Stanley Karl Odum and Bobbie Jean Odum. The trial court held that Marilyn Titus Haubert and her successors are entitled to received one-fifth of the assets of the Earnest Stanley Odum inter vivos trust by application of the collation articles of the Louisiana Civil Code. For the reasons that follow, we reverse.
FACTS
Earnest Stanley Odum established the Earnest Stanley Odum Trust on June 8, 1988, and, by the time of his death on November 10, 1993, had transferred more than 90% in value of his assets to the Trust. Mr. Odum was the sole beneficiary of the Trust during his lifetime; upon his death, the secondary beneficiaries were “the class composed of all Settlor’s children, namely, Deborah Sue Odum, Kathy Jane Odum, Stanley Karl Odum and Bobbie Jean Odum.”
At the same time that the Trust was created, Mr. Odum also executed his Last Will and Testament, in which he confirmed the Trust and stated that he left all of his remaining property to the four named children.
Unbeknownst to his current family, as well as his long-time friend and the executor of his will, Harding J. Alleman, Mr. Odum had another child from a short-lived first marriage. After Mr. Odum’s death, the executor learned that there might be another child. He employed the services of a research company to search for the missing child, who was eventually found residing in the State of Pennsylvania. Her name was Marilyn Lee Odum Titus Hau-bert. Mrs. Haubert was born in 1935 to the decedent and his first wife, who were subsequently divorced in Ohio in |31938. Mrs. Haubert thereafter passed out of Mr. Odum’s life. She was adopted by her stepfather, E. James Titus, and her surname was changed from Odum to Titus. Mrs. Haubert was not mentioned in the Odum Trust or in Mr. Odum’s will.
Having located Mrs. Haubert, the executor informed her that she could have rights in the Odum succession as a forced heir. The executor and the four named children were prepared to recognize that Mrs. Hau-bert was entitled to a forced portion of the estate under Louisiana law in effect at the time of the decedent’s death. The forced *437 portion for one of five children is. l/5th of one-half, or l/10th, of the mass of the estate. Mrs. Haubert, however, brought this action in Louisiana claiming not just l/10th of the mass of the estate, but a full l/5th of the assets of the Trust. Mrs. Haubert died after being notified of her forced heirship rights, and her executor has pursued the action on behalf of her estate.
The Haubert estate filed a motion for partial summary judgment asserting that, under the Civil Code Articles dealing with collation, Mrs. Haubert was entitled to receive an amount equal to l/5th of the assets of the Trust, if greater than her forced portion. The executor and the four named children filed cross-motions for partial summary judgment denying that Mrs. Haubert was entitled to any assets greater than her forced portion.
ACTIONS OF TRIAL COURT
In their initial answer, appellants raised numerous defenses. The trial court appointed a special master to make recommendations on those issues. The special master analyzed all of the defenses and was of the view that none of them sufficed to defeat Mrs. Haubert’s claim that gifts in trust by Mr. Odum should be collated. The trial court followed the special master’s recommendations in that regard and granted the motion for partial summary judgment in favor of the Haubert estate, thereby denying appellants’ motions for partial summary judgment. The Lcourt decreed that Mrs. Haubert was entitled to l/5th of the assets of the Trust, and that such rights passed to the Haubert estate.
DISCUSSION
Appellants challenge the trial court’s finding that Mrs. Haubert is entitled to more than her forced portion by application of the law. of collation. Specifically, they seek review of the court’s findings that: (1) the decedent did not sufficiently demonstrate his intent to favor the four named children over Mrs. Haubert; and (2) Mrs. Haubert would benefit from collation as requested.
Under Louisiana law in effect at the time of Mr. Odum’s death, a child of any age was a forced heir. Because Mr. Odum had five children, the forced portion of his estate was one-half of the “mass” of his estate. The forced portion for each child was /£ of one-half, or l/10th, of the mass. The mass consisted of probate assets and property donated during life, including the property donated to the Trust. The record shows that the executor is not aware of any other gifts made by Mr. Odum during his life.
The executor, having located Mrs. Hau-bert and determined that she was Mr. Odum’s daughter, expected to deliver to her l/10th of the mass. Mrs. Haubert, however, proceeded to assert a right to more than her forced portion. Her estate now claims that the law of collation awards her a full l/5th of the Trust assets. We hold that the record does not support this claim.
' The most pertinent provisions of the Civil Code on collation are as follows:
' Article 1227. The collation of goods is the supposed or real return to the mass of the succession which an heir makes of property which he received in advance of his share or otherwise, in order that such property may be divided together with the other effects of the succession. Article 1229. The obligation of collating is founded on the equality which must be naturally observed between children and other lawful descendants, who divide among them the succession of their father, mother and other ascendants; and also on the presumption that what was given or bequeathed |Kto children by their ascendants was so disposed of in advance of what they might one day expect from their succession.
Article 1230. Collation must take place, whether the donor has formerly [formally] ordered it, or has remained silent on the subject; for collation is always pre *438 sumed, where it has not been expressly forbidden.
Article 1232. The declaration that the gift or legacy is made as an advantage or extra portion may be made in the instrument where such disposition is contained, even afterwards by an act passed before a notary and two witnesses, or in the donor’s last will and testament. Unless expressly stated to the contrary, a declaration of dispensation from collation made in the last will and testament of the donor shall be effective as a dispensation from collating donations made both before and after execution of said testament.
Article 1233. The declaration that the gift or legacy is intended as an advantage or extra portion, may be made in other equivalent terms, provided they indicate, in an unequivocal manner, that such was the will of the donor.
Article 1229 is the real starting point for the analysis of this case. It makes it clear that collation is based on two presumptions: (1) that a decedent intends for all his property to be divided equally among his children; and (2) that a particular gift made to one of them during life is an advance on that child’s equal share. See Succession of Gomez, 223 La. 859, 869-870, 67 So.2d 156, 159-160 (1953).
Collation under Civil Code articles 1227, et seq., is often confused with reduction. Reduction, sometimes referred to as “fictitious” collation, is the means by which an omitted forced heir collects his forced portion, and is set forth in Civil Code articles 1493, et seq. Collation, sometimes referred to as “actual” or “real” collation, is the means by which a forced heir gives effect to the decedent’s intent that he share equally in the estate. Thus, reduction defeats a decedent’s intention to leave out a forced heir, while collation gives effect to a decedent’s intention.
In Jordan v. Filmore, 167 La. 725, 120 So. 275 (1929), the decedent left her entire estate to only one of her two children. The excluded child claimed not just her forced portion, but a full half of the estate, on the grounds that the decedent’s will did not specifically exempt |fithe legacy from collation. The Supreme Court rejected this claim, explaining that the legacy of all the estate to one child was itself a sufficient expression of the decedent’s intention to dispense with collation. In this regard, the court stated:
[T]here would be no sense in the requirement — that a testator who bequeaths more of the disposable portion of his estate to one of his descendant heirs than to another must express, any more plainly than his favoritism itself expresses, his intention that the legacy bequeathed to the favored heir is intended as an advantage over the other heir, or as an extra portion — in order to avoid the obligation of collation....
Jordan, 120 So. at 278.
A similar action to compel collation was brought in Succession of Degelos, 446 So.2d 412 (La.App. 4th Cir.1984). In that case, the decedent left his estate to his surviving spouse and the three children of his second marriage. Another daughter who was left out of her father’s will filed suit seeking entitlement to an equal fourth with the other children, on the grounds that the will did not expressly state that the legacy to the other three children was intended as an extra portion. Degelos, 446 So.2d at 413. The court followed Jordan, which it identified as “a time honored case”, and added the following reasons for rejecting the claim to compel collation:
The testator’s intention to favor the three children of his second marriage over his oldest daughter Inez is expressed in his bequest to the former as universal legatees and his failure to mention Inez. There is no legal requirement that he expressly state or declare the bequests to be an advantage or extra portion....
To uphold Inez’ claim for an undivided }4 interest in the entire estate would effectively ignore the testator’s intent and *439 cause the property to pass as if by intestacy. It is well settled that when a testator disposes of his entire estate to the prejudice of a forced heir, such a bequest does not make the will null and void but merely subjects it to an action for reduction by the forced heir for the recovery of his legitime.
Degelos, 446 So.2d at 414.
The foregoing cases concerned the operation of collation in the absence of lifetime donations, but, if one forced heir is favored over another in the will, it makes no difference whether the donations to the 17favored heir occurred during life or at death. Whenever a decedent by his will shows that he did not intend for a forced heir to share in the disposable portion, that heir cannot claim collation of any advantages. The decedent’s actual intention overrides the presumed intention to benefit all the heirs equally.
The first issue before the court is whether or not, under the Civil Code and the jurisprudence, Mr. Odum sufficiently indicated that he intended to favor the four named children over Mrs. Haubert both in his will and in the Trust. The record shows that Mr. Odum did dispense with collation, and that the trial court erred in ruling otherwise on this issue.
In this case, it is clear that Mr. Odum: (1) did not intend for his property to benefit his five forced heirs equally; and (2) intended instead to benefit the four named children only. Further, it can be presumed that he intended to leave nothing to Mrs. Haubert. This intent is shown both by Mr. Odum’s decision to exclude Mrs. Haubert from the Trust and by his express intention to leave the remainder of his estate to the four named children with nothing to Mrs. Haubert under his will.
The evidence of his intent is the language Mr. Odum used in his will: “I leave the rest and remainder of my property to my four beloved children, Deborah Sue Odum, Kathy Jane Odum, Stanley Karl Odum, and Bobbie Jean Odum, to share and share alike.” The Louisiana Supreme Court has specifically stated that, in order for a testator to dispense with collation in his last will and testament, “it is not necessary for the language of the will to include a direct reference to collation.” Succession of Fakier, 541 So.2d 1372, 1380 (La.1988). All that is necessary is that the intent to give an advantage to some heirs over others be set forth “in an unequivocal manner.” Id. (citing Article 1233). Thus, the presumption that Mr. Odum intended Mrs. Haubert to share equally in the succession is overcome, and Mrs. Haubert cannot compel collation. It is clear from the record that Mr. Odum sufficiently | ^evidenced his intent. Thus, Mrs. Haubert is limited to her forced portion.
We conclude that the language of Mr. Odum’s will had the effect of excluding collation of the Trust property because the will clearly expresses his intent to give the maximum amount allowable by law to his four named children.
CONCLUSION
The law of forced heirship allows an omitted forced heir to partially defeat a testator’s intentions where the heir has been denied his forced portion. On the other hand, the law of collation is designed to give effect to a testator’s intentions to the fullest extent possible. It is presumed that the testator intends all his children to benefit equally, and that gifts made to one or more of them during life are advances on their equal shares. This presumption, however, is defeated when the testator in his will favors some forced heirs over others. When the presumption of equality no longer exists, the omitted forced heir cannot make a claim of collation. The testator’s unequivocal desire to limit the forced heir to his forced portion cannot be defeated by collation.
Here, Mr. Odum transferred most of his property to a trust whose beneficiaries after his death are his four named children, and further made a will confirming *440 the trust and leaving the remainder of his estate to the same four named children. Clearly, Mr. Odum’s intent was to leave everything to those four named children. Here, the omitted heir can claim reduction to satisfy her forced portion, but she cannot compel collation. It is our opinion that since the law of collation is designed to give effect to the decedent’s intent, it cannot be applied to defeat the clear evidence of actual intent as exists in this case.
DECREE
For the foregoing reasons, that portion of the trial court’s judgment that grants collation is reversed. Judgment is rendered in favor of appellants, decreeing that the Succession of Marilyn Lee Odum Titus Haubert is not entitled to collation. In all other respects, the judgment is | flaffirmed. Costs of this appeal are assessed against appellee, the Succession of Marilyn Lee Odum Titus Haubert.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
GONZALES, J., dissents.
GUIDRY, J., dissents and assigns reasons.